■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR GONZALEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS FUENTES, Appellant. — Judgments, Supreme Court, Bronx County, rendered May 14, 1979 as to defendant Hector Gonzalez, and May 8, 1979 as to defendant Carlos Fuentes, convicting each of them, on jury verdict, of rape in the first degree (Penal Law, § 130.35), robbery in the first degree (Penal Law, § 160.15), burglary in the second degree (Penal Law, § 140.25), and criminal possession of a weapon in the fourth degree (Penal Law, § 265.01), and sentencing them to respective terms of imprisonment thereon, are unanimously affirmed. Defendant Gonzalez made an oral confession to a police officer after appropriate *Miranda* warnings and waiver *(Miranda v Arizona,* 384 US 436). At a pretrial suppression hearing the police officer testified as to these facts, stating that he had read the *Miranda* warnings and waiver from the police department's official arrest report form, that defendant Gonzalez' responses were all positive and that defendant stated that he now wished to make a statement. The police officer did not have with him the arrest report form and so the report was not offered or received in evidence at the suppression hearing. On cross-examination it was brought out explicitly that the police officer informed defendant Gonzalez that he had a right to an attorney and that defendant did not request an attorney. At the trial, a few days later, before a jury and the same Judge, the same police officer, now having with him the arrest report, read from it the questions that he had asked defendant Gonzalez, and testified to the answers that defendant Gonzalez gave, all of which appear to satisfy the requirements of *Miranda.* In our view, there was a sufficient showing that defendant Gonzalez was properly advised of and waived his *Miranda* rights before he made his confession. Defendant Gonzalez' confession implicated defendant Fuentes. Defendant Fuentes' attorney therefore asked for a severance of trial. But with full knowledge that the Trial Judge was going to admit defendant Gonzalez' confession in evidence and that it implicated defendant Fuentes, defendant Fuentes adamantly refused a severance and insisted upon a joint trial. Defendant instructed his attorney to withdraw the motion for a severance. After the court had questioned defendant on this point, the court marked the motion for a severance withdrawn. In the circumstances, defendant Fuentes did not have the right to require that defendant Gonzalez' confession be redacted insofar as it implicated defendant Fuentes. We have considered the other points raised on the appeals. They do not warrant reversal. Concur — Birns, J. P., Sandler, Carro, Silverman and Bloom, JJ.